UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CLIFFORD MCCLAIN,<br>　　　　Petitioner,<br>　v.<br>BRIAN WILLIAMS, et al.,<br>　　　　Respondents. | Case No. 2:17-cv-00753-RFB-NJK<br><br>ORDER |

Petitioner Clifford McClain has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has paid the filing fee (ECF Nos. 1, 3). It appears from the petition that it may be subject to dismissal as time-barred.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

In his federal petition, McClain states that he wishes to challenge the judgment of conviction in state case no. C-24315 (ECF No. 1-1, pp. 1-2). He indicates that the judgment of conviction was entered on April 20, 2009, the Nevada Supreme Court denied his direct appeal on December 27, 2011, and he did not file a state postconviction petition for writ of habeas corpus. *Id.* McClain dispatched his federal

1

habeas petition on March 12, 2017.  *Id.* at 1.  It appears that the AEDPA one-year limitations period expired several years ago.

McClain may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his rights and some extraordinary circumstance stood in his way.  *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  The petitioner will be given the opportunity to show that either the instant petition was not filed beyond the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

**IT IS THEREFORE ORDERED** that the Clerk shall **DETACH, FILE and ELECTRONICALLY SERVE** the petition (ECF No. 1-1) upon the respondents.

**IT IS FURTHER ORDERED** that the Clerk shall add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents.

**IT IS FURTHER ORDERED** that petitioner shall have **sixty (60) days** from the date of entry of this order to show cause and file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period.  He shall also set forth a complete and accurate history, with dates, of any state postconviction proceedings presented to the state district court and the Nevada Supreme Court, including direct appeal and state habeas petitions.

**IT IS FURTHER ORDERED** that if petitioner files such proof, respondents shall have **thirty (30) days** to file any response to petitioner's proof.

**IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that the petition for writ of habeas corpus was filed within the limitations period or that he is entitled to equitable tolling, the court will enter an order dismissing the petition.

DATED: October 18, 2017.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE