UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CLIFFORD MCCLAIN,<br><br>Petitioner,<br>v.<br><br>BRIAN E. WILLIAMS, et al.,<br><br>Respondents. | Case No. 2:17-cv-00753-RFB-NJK<br><br>ORDER |

Clifford McClain's pro se 28 U.S.C. § 2254 amended petition is before the court on respondents' motion to dismiss certain grounds (ECF No. 30).

I. **Procedural History and Background**

A jury convicted McClain in January 2009 of first-degree murder, battery constituting domestic violence with an intent to kill, and battery constituting domestic violence with use of a deadly weapon. Exh. 74.[1] The parties entered into a stipulation to waive the penalty hearing, have the state district court impose a sentence of 20 years to life on the murder count, and dismiss the other two counts. Exh. 76. Judgment of conviction was entered on April 20, 2009. Exh. 84. The Nevada Supreme Court affirmed McClain's conviction on December 27, 2011. Exh. 116.

McClain filed a state postconviction habeas corpus petition in September 2012. Exh. 122. The state district court conducted an evidentiary hearing. Exhs. 147, 161. The

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss and are found at ECF Nos. 12-17.

court denied the petition, and the Nevada Supreme Court affirmed. Exhs. 166, 182. Remittitur issued on March 13, 2017. Exh. 183.

On March 12, 2017, McClain dispatched his federal habeas petition for filing (ECF No. 1-1). He ultimately filed a second-amended petition on June 22, 2018 (ECF No. 28).

Respondents now argue that some grounds in the second-amended petition do not relate back to a timely-filed earlier petition, some grounds are unexhausted, and some grounds fail to state claims cognizable in federal habeas corpus (ECF No. 30). McClain opposed (ECF No. 34), and respondents replied (ECF No. 25). McClain filed a surreply (ECF No. 36). Respondents moved to strike the surreply because McClain failed to obtain leave of court as required under the local rules. Local Rule 7-2(g). Good cause appearing, respondents' motion to strike is granted.[2]

II. **Legal Standards & Analysis**

a. **Relation Back**

Respondents argue that four grounds in the amended petition do not relate back to a timely-filed petition, and therefore, should be dismissed as untimely (ECF No. 30, pp. 4-8). A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655–64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted

---

[2] The court notes that the surreply mainly re-asserts arguments that McClain made in his opposition to the motion to dismiss. He also mentions, for the first time, that he has an actual innocence claim that rests on the testimony of Dr. Thomas Young. However, Dr. Young's purported testimony, as described by McClain, would not constitute reliable evidence of actual innocence in any event. *Schlup v. Delo*, 513 U.S. 298 (1995); *House v. Bell*, 547 U.S. 518 (2006).

in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. *Id.* at 659 & n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013). The purpose of the relation back doctrine is to ensure that the respondent "has been given all the notice that statutes of limitations were intended to provide." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 150 n.3 (1984).

The relation back doctrine, in any context, "is to be liberally applied." *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1260 n.29 (9th Cir. 1982). This liberality is amplified here by the less stringent pleading standards applied to *pro se* habeas petitioners. *See Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002).

Here, the parties do not dispute that McClain timely appealed his conviction and timely pursued state postconviction habeas relief and do not dispute that the AEDPA statute of limitations did not start to run until remittitur issued on the affirmance of the denial of his state postconviction petition on March 13, 2017. McClain had already dispatched his original federal petition for mailing on March 12, 2017 (ECF No. 1-1). He filed his first-amended federal petition on April 12, 2017 (ECF No. 5). The AEDPA one-year statute of limitations expired on March 13, 2018, and McClain filed his second-amended petition on June 22, 2018 (ECF No. 28). Accordingly, the claims in the second-amended petition must relate back to McClain's original or first-amended federal petition in order to be deemed timely.

**Original Petition**

In his *pro se* original petition, McClain raised the following claims:

Ground I: The court committed error permitting several instances of hearsay regarding the deceased in violation of the Confrontation Clause of the Sixth Amendment to the Constitution.

Ground II: The court committed error when it did not allow the defense to introduce several statements by the deceased.

Ground III: Mr. McClain is entitled to a new trial because the hearsay testimony of State's witnesses Dr. Zucker and Dr. Hanson violated his Sixth and Fourteenth Amendment rights.

Ground IV: The district court committed reversible error when it did not allow Mr. McClain to introduce the victim's propensities for violence and previous violence in violation of his due process rights.

Ground V: The district court erred in giving jury instruction nos. 27 and 28, in violation of McClain's Fifth and Fourteenth Amendment rights.

[No Ground VI].

Ground VII: This purported ground does not set forth any claims. It merely has the following heading: the district court erred in giving jury instruction nos. 5, 17, 19, and 41 in violation of McClain's Fifth and Fourteenth Amendment rights – with no elaboration whatsoever.

Ground VIII: Trial counsel was ineffective in violation of McClain's Sixth and Fourteenth Amendment right to effective assistance of counsel and due process of law when counsel was unprepared for trial and failed to investigate McClain's defense more fully.

Ground IX: Counsel was ineffective due to an active and actual conflict of interest because McClain's mother was paying the legal fees.

Ground X: Trial counsel failed to investigate facts that would have cast doubt on Mr. McClain's guilt.

Ground XI: Trial counsel's failure to prepare prevented effective assistance of counsel.

Ground XII: Trial counsel's failure to investigate prevented effective assistance of counsel.

Ground XIII: The cumulative error of trial counsel's representation demonstrates ineffective assistance of counsel.

**First-Amended Petition**

McClain raised the same claims as he raised in the original petition, except that ground VII in the first-amended petition is a claim that counsel was ineffective for failing to challenge jury instruction nos. 5, 17, 19, and 41.

**Second-Amended Petition**

Respondents argue that grounds 5, 7, 8, and 12 of McClain's second-amended petition do not relate back to any claims in his original or first-amended petitions and thus should be dismissed as untimely (ECF No. 30, pp. 4-8).

**Ground 5**

McClain asserts that the trial court committed reversible error when it allowed the admission of several bad acts—including two previous domestic violence incidents—in violation of his Fifth, Sixth, and Fourteenth Amendment rights (ECF No. 28, pp. 24-27).

In McClain's original and first-amended petition, he includes a heading that the trial court erred in admitting evidence of several bad acts (ECF No. 5, p. 31, ECF No. 8, p. 31). However, there are no allegations whatsoever under the heading. Thus, respondents are correct that there are no factual allegations to which ground 5 of the second-amended petition could relate back. Ground 5 is dismissed as untimely.

**Ground 7**

In the second-amended petition, McClain contends that the trial court erred in giving jury instruction nos. 5, 17, 19 and 41 (ECF No. 28, p. 31). In McClain's original petition, he included only a heading that the trial court erred regarding jury instructions (ECF No. 8, p. 35). In his first-amended petition McClain presented a claim that appellate counsel was ineffective for failing to challenge jury instruction nos. 5, 17, 19, and 41 (ECF No. 5, pp. 35-39). McClain's claim in his first-amended petition was based on appellate

counsel's failure to challenge the jury instructions on direct appeal, while the substantive claim in his second-amended petition was based on the trial court's alleged errors. However, the first-amended petition details the alleged factual basis for finding that the jury instructions prejudiced McClain – the same factual basis for McClain's legal theory in the second-amended petition. Accordingly, ground 7 does relate back and is timely.

**Ground 8**

McClain sets forth a claim that cumulative trial-court error violated his constitutional rights (ECF No. 28, p. 37). While McClain argued that the cumulative effect of trial-counsel error violated his constitutional rights in his original and first-amended petitions, respondents are correct that McClain did not assert cumulative trial-court error (*see* ECF No. 8, pp. 72-75; ECF No. 5, pp. 77-79). The facts in McClain's earlier petitions were specific to his trial counsel's ineffective assistance and do not provide the factual basis for a cumulative trial-court error claim. Ground 8, therefore, does not relate back to a timely-filed claim and is dismissed as untimely.

**Ground 12**

McClain argues that his trial counsel erred when he conceded McClain's guilt without consulting McClain beforehand (ECF No. 28, p. 62). McClain set forth claims of ineffective assistance of trial counsel in his two earlier petitions, but he presented no factual allegations regarding trial counsel conceding McClain's guilt or consulting with McClain regarding any such concession. Ground 12 does not relate back to any timely-filed claim. Accordingly, it is dismissed.

**b. Claims Cognizable in Federal Habeas Corpus**

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380,

1381 (9th Cir. 1996). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004).

**Ground 2**

McClain contends that the trial court erred when it did not allow the defense to introduce several hearsay statements of the deceased victim (ECF No. 28, pp. 12-17). Respondents point out that generally the admissibility of evidence is a state-law issue (ECF No. 30, pp. 9-10; *Murdoch v. Castro*, 365 F.3d 699, 703, n.1 (9th Cir. 2004)). However, if a state-court evidentiary determination rendered a trial arbitrary and fundamentally unfair, such circumstances would implicate a petitioner's federal due process rights. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Accordingly, the court declines to dismiss ground 2 as noncognizable on federal habeas review at this time.

**c. Exhaustion**

Respondents also argue that ground 2 is unexhausted (ECF No. 30, pp. 8-9). A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States

Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

**Ground 2**

Respondents assert that McClain failed to present ground 2 – his claim that the trial court erred when it did not allow the defense to introduce several hearsay statements of the deceased victim – to the Nevada Supreme Court as a federal constitutional claim (ECF No. 30, pp. 8-9). McClain raised this claim on appeal to the Nevada Supreme Court. Exh. 106, pp. 22-26. But respondents are correct; McClain presented this as a state-law claim only. *Id.; see also* exh. 116, pp. 8-12. Thus, ground 2 is unexhausted.

III. **Petitioner's Options Regarding Unexhausted Claim**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Here, the court dismisses grounds 5, 7, 8, and 12 as untimely. Ground 2 is unexhausted. Because the court finds that the petition contains unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claim in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to permit stay and abeyance of his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claim.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

If petitioner does not choose any of the three options listed above, or seek other appropriate relief from this court, the court will dismissal his federal habeas petition.

IV. **Appointment of Counsel**

The court "possesses the inherent procedural power to consider" an interlocutory order for cause. City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d

882, 885 (9th Cir. 2001). The court now finds that the issues in this case are sufficiently complex such that appointment of counsel is warranted in the interests of justice. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). The court therefore finds cause to reconsider its November 2, 2017 order denying McClain's April 24, 2017 motion for appointment of counsel. ECF Nos. 6, 10. The court now grants the motion and appoints the Federal Public Defender to represent McClain.

V. **Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 30) is **GRANTED** in part as follows:

Grounds 5, 8, and 12 are **DISMISSED** as set forth in this order.

Grounds 2 is **UNEXHAUSTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 6) is at this time **RECONSIDERED** and **GRANTED**. The Federal Public Defender is provisionally appointed to represent petitioner.

**IT IS FURTHER ORDERED** that the Federal Public Defender shall have thirty (30) days from the date that this order is entered to undertake direct representation of petitioner or to indicate to the court his inability to represent petitioner in these proceedings. If the Federal Public Defender does undertake representation of petitioner, he shall then have sixty (60) days to file an amended petition for a writ of habeas corpus. If the Federal Public Defender is unable to represent petitioner, then the court shall appoint alternate counsel.

**IT IS FURTHER ORDERED** that neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims.

**IT IS FURTHER ORDERED** that the clerk shall electronically serve the Federal Public Defender a copy of the second amended petition (ECF No. 28) and a copy of this order.

**IT IS FURTHER ORDERED** that petitioner's motion for extension of time to file an opposition to the motion to dismiss (ECF No. 33) is **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that respondents' motion to strike petitioner's surreply (ECF No. 37) is **GRANTED**. The Clerk **SHALL STRIKE** the surreply at ECF No. 36.

DATED: July 9, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE